Informal Opinion No. 97-18 Glen A. Plotsky, Esq. Town Attorney Town of Deerpark P. O. Box 3139 Port Jervis, N Y 12771
Dear Mr. Plotsky:
You have asked whether a town board is authorized to expand the membership of a police commission created under section 150 of the Town Law from three to five members.
The town board is authorized to establish and organize a town police department. Town Law § 150(1). Where a police department has been established, the town board by resolution may establish a board of police commissioners and appoint one or three police commissioners. Id., § 150(2). If the town board appoints only one police commissioner, it must in addition designate two members of the town board to serve as members of the police commission. Id.Alternatively, under section 150(2) the town board, by resolution, may designate the supervisor to serve as police commissioner. The board of police commissioners, or the supervisor acting as police commissioner, has all of the powers given to the town board by the provisions of the Town Law relating to police matters. Id.The town board, by resolution, at any time may abolish the police commission or revoke the designation of the supervisor as police commissioner and thereafter the town board assumes control of the police department. Id.
We believe that the town board may enact a local law amending or superseding section 150(2) of the Town Law to authorize the establishment of a five-member board of police commissioners. While normally local laws must be consistent with general State law (Municipal Home Rule Law §§2(5), 10[1][i] and [ii]), towns have been given the unique authority to amend or supersede provisions of the Town Law, notwithstanding that they may be general laws, in order to tailor governmental operations to meet uniquely local needs. This grant of authority authorizes a town board to amend or supersede, with limited exceptions not relevant here, provisions of the Town Law when it is acting within the scope of its home rule authority. Municipal Home Rule Law § 10(ii)(1)(d)(3). Therefore, provisions of the Town Law that fall within the broad delegation of home rule powers in section 10 of the Municipal Home Rule Law may be amended or superseded by local law.
We have found that the structure of a town police department is within the property, affairs or government of a town. Op Atty Gen (Inf) Nos. 85-69, 91-6. In making this determination, our 1991 opinion stated:
 In our view, determination of the structure of a town police department, establishment of positions and defining the powers and duties of these positions are matters within the "affairs and government" of the town (id., § 10[1][i]; N Y Const, Art IX, § 2[c][i]). Additionally, under Municipal Home Rule Law, § 10(1)(ii)(a)(1) (see, also, NY Const, Art IX, § 2[c][ii][1]), a town has considerable authority to establish and structure local positions. We have recognized the authority of municipalities to establish and structure police departments through the adoption of local laws (Op Atty Gen No. 85-60; 1982 Op Atty Gen [Inf] 80; 1980 Op Atty Gen [Inf] 269). The courts have recognized the extensive home rule authority of local governments with respect to local offices and positions (Resnick v. County of Ulster, 44 N.Y.2d 279
[1978]).
In that the establishment of a board of police commissioners relates to the structure of a town police department and to the establishment of local positions, such action falls within the delegation of home rule authority under section 10 of the Municipal Home Rule Law. Therefore, a town board may utilize its special delegation of authority under Municipal Home Rule Law § 10(1)(ii)(d)(3) to enact a local law superseding section 150(2) of the Town Law, and may authorize and establish a board of police commissioners consisting of five members.
We conclude that a town board may amend or supersede section 150(2) of the Town Law to establish a board of police commissioners consisting of five members.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
D. COLE
Assistant Attorney General in Charge of Opinions